IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN R. CRIBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 4:2011-cv-00263 |
| NFI Network Logistic Solutions LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Stephen R. Cribbs, by and through undersigned counsel, and files this his First Amended Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, and other relief for Defendant's intentionally discriminatory employment practices under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

1

("ADEA"), Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.*, ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* ("FMLA"), and the Consolidation Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. § 1161, *et. seq.* ("COBRA").

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

4.

The unlawful employment practices alleged in this Complaint were committed within this District. In accordance with 28 U.S.C. § 1391, and LR 2, Southern District of Georgia, venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is a resident citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant NFI Network Logistic Solutions LLC ("NFI") is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant NFI may be served with process by delivering a copy of the summons and complaint to its counsel, Maury Bowen, at Ellis, Painter, Ratterree & Adams, LLP, 2 East Bryan Street, 10th Floor, Savannah, Georgia 31401.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of discrimination against Defendant NFI with the Equal Employment Opportunity Commission (EEOC).

9.

The EEOC issued a "Notice of Right to Sue" on July 20, 2011, entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

11.

Defendant NFI is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g) and (h) of the ADEA and has employed more than the requisite number of persons for the requisite duration under the ADEA.

12.

Defendant NFI is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA and has employed more than the requisite number of persons for the requisite duration under the ADA.

13.

Defendant NFI is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of Section 101(4) of the FMLA and has employed more than the requisite number of persons for the requisite duration under the FMLA.

14.

Plaintiff was hired by Defendant NFI on March 9, 2000 as a Shift Supervisor and was eventually promoted to Shift Manager.

15.

On February 10, 2010, Plaintiff verbally complained about age discrimination to NFI Human Resources after he was called at home during his off hours and yelled and cursed at by his manager. Plaintiff became seriously ill after this incident occurred and was hospitalized, disabling him and preventing him from working. Plaintiff requested accommodations for his disability but Defendant failed to make accommodations. One day after a

request for accommodation, Plaintiff was terminated.

16.

After his hospitalization, Plaintiff was placed on approved FMLA leave. During his leave, Plaintiff was repeatedly contacted by his employer via phone and email. Plaintiff was released back to work by his doctor on March 9, 2010.

17.

When Plaintiff attempted to return to work on March 9, 2010, he was assigned to a different shift on different days of the week at a new, unfamiliar work station.

18.

Plaintiff is 52 years old. Approximately six days after Plaintiff's FMLA period began, a much younger female manager was placed in Plaintiff's old position on a permanent basis.

19.

On September 9, 2010, Plaintiff was written up for allegedly sending an employee home for poor work performance. The employee actually chose to leave work and used flex time on that day, the allowance of which was within Plaintiff's discretion as a manager.

20.

On September 17, 2010, Plaintiff was written up for allegedly leaving work early without permission on the day of a morning staff meeting. Plaintiff had previously been told on many occasions that when a night shift manager attends a staff meeting that is held during the day, he may leave early to account for the extra hours worked.

21.

On October 18, 2010, Plaintiff was given a write-up dated October 13, 2010 for allegedly failing to effectively manage his assigned shift. Plaintiff was told he would be suspended for one day on October 22, 2010.

22.

On October 20, 2010, a regularly scheduled off day, Plaintiff visited his doctor and then brought in a doctor's note to Defendant's Human Resources department excusing him from work from October 22 through October 24, 2010.

23.

On October 22, 2010, Plaintiff was contacted via telephone and terminated. He was told that his termination was for recording a conversation between himself, his supervisor and human resources. Plaintiff later received a separation notice stating that the termination was for failure to perform management duties as directed by his supervisor and for poor performance.

24.

Defendant is subject to COBRA, 29 U.S.C. § 1191, et seq.

25.

Prior to his termination, Plaintiff was a "participant" and/or "covered employee" under the employee benefit plan of Defendant as defined by the Employee Retirement Income Security Act (ERISA), 29 U.S.C § 1100, *et seq.* and COBRA.

26.

Plaintiff was a "qualified beneficiary" under the group health insurance plan of Defendant as defined by ERISA and COBRA.

27.

Defendant is an "employer" with respect to the group health insurance plan maintained and operated for its employees as defined by ERISA and COBRA.

28.

Defendant is a "plan sponsor" of a group health insurance plan maintained and operated for its employees as defined by ERISA and COBRA .

29.

Defendant is a "plan administrator" as defined by 29 U.S.C . § 1166(a)(4) .

30.

Plaintiff's termination was a "qualifying event" requiring Defendants to

provide the Plaintiff notice and the right to self-paid continuation under the benefit plan.

31.

Plaintiff was entitled to COBRA coverage and notification thereof upon his termination from Defendant.

32.

Defendant failed to notify Plaintiff of his COBRA rights and failed to provide him with the opportunity to continue any insurance coverage.

33.

Plaintiff suffered damages as a result of Defendant's failure to notify him of his COBRA rights, including lack of health insurance benefits and medical treatment.

## CAUSES OF ACTION

### Violation of the Age Discrimination in Employment Act – Disparate Treatment

34.

Defendant NFI discriminated against Plaintiff in the terms and conditions of his employment based upon his age by, *inter alia*, subjecting Plaintiff to more stringent performance expectations and harsher treatment than similarly situated younger employees and by terminating him.

35.

Defendant's above-described actions violated Plaintiff's rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.

36.

As a direct and proximate result of Defendant's discriminatory actions, Plaintiff suffered and continues to suffer damages.

37.

Defendant NFI, therefore, is liable for the damages proximately resulting from its discriminatory actions.

## Violation of the Age Discrimination in Employment Act – Retaliation

38.

After Plaintiff engaged in protected conduct by complaining of age discrimination to NFI Human Resources, Defendant NFI subjected Plaintiff to adverse employment actions including, *inter alia*, giving Plaintiff false and unjustified written warnings and terminating his employment based on reasons that are a pretext for discrimination.

39.

Plaintiff's complaints about his treatment led to the write-ups and termination of his employment.

40.

As a direct and proximate result of Defendant's discriminatory actions, Plaintiff suffered and continues to suffer damages.

41.

Defendant NFI, therefore, is liable for the damages proximately resulting from its retaliation.

## Violation of the Americans with Disabilities Act

42.

Plaintiff is a qualified individual, as defined in Section 101(8) of the ADA, who is suffering from a disability, as defined in Section 3 of the ADA.

43.

Defendant NFI discriminated against Plaintiff on the basis of his disability by removing him from his position while he was on approved medical leave and by failing to accommodate his disability. Defendant retaliated against Plaintiff when Plaintiff requested accommodation of his disability.

44.

Defendant's above described actions violated Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008.

45.

As a direct and proximate result of Defendant's discriminatory actions, Plaintiff suffered and continues to suffer damages.

46.

Defendant NFI, therefore, is liable for the damages proximately resulting from its discriminatory actions.

### Violations of the Family Medical Leave Act

47.

Defendant NFI interfered with and denied Plaintiff the exercise of his rights under the FMLA as alleged above by contacting him on several occasions while he was out on leave in February and March 2010.

48.

Defendant's above described actions violated Plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1).

49.

Defendant NFI failed to restore Plaintiff to an equivalent position upon his return from leave by materially changing the terms and conditions of his employment.

50.

Defendant's above-described actions violated Plaintiff's rights under the Family

Medical Leave Act, 29 U.S.C. § 2612(a)(1)(B).

51.

As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff suffered and continues to suffer damages.

52.

Defendant NFI, therefore, is liable for the damages proximately resulting from its violations of the FMLA.

### Violations of COBRA

53.

Defendant failed to provide Plaintiff with notice of COBRA coverage as required by 29 U.S.C. § 1161, et seq.

54.

Defendant violated Plaintiff's rights under COBRA, and as a direct and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer damages.

55.

Defendant NFI, therefore, is liable for the damages proximately resulting from its violation of Plaintiff's rights under COBRA and Plaintiff brings this action in part to gain all relief, monetary and otherwise, allowed him by law against Defendant.

## PRAYER FOR RELIEF

56.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Damages for mental and emotional suffering caused by Defendant's acts of discriminatory treatment and retaliation;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law as set forth above, and interest thereon calculated at the prevailing rate;

(d) Liquidated damages as appropriate under the FMLA and other statutes and interest thereon calculated at the prevailing rate;

(e) Damages including, but not limited, to monetary losses, penalties and attorneys' fees allowable pursuant to COBRA;

(f) Reasonable attorneys' fees and expenses of litigation;

(g) Trial by jury as to all issues;

(h) Prejudgment and post-judgment interest at the rate allowed by law;

(g) Declaratory relief declaring that Defendant NFI has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant NFI from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 6th day of April, 2011.

/s/Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207
Counsel for Plaintiff

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 242-5297
Email: paul@sharman-law.com