UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN R. CRIBBS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No. CV411-263 |
|  | ) |
| NFI NETWORK LOGISTIC SOLUTIONS LLC, | ) |
|  | ) |
| Defendant. | ) |

### ORDER

The Georgia Department of Labor (GDOL) moves the Court to quash plaintiff Stephen R. Cribbs' subpoena for his unemployment-insurance records. Doc. 24. Cribbs served that subpoena on the GDOL after filing this employment-discrimination case against his former employer, NFI Network Logistic Solutions, LLC (NFI).[1] Citing Fed. R. Civ. P. 45(c)(3)(A)(iv), GDOL relies on the same statutory restrictions that it invoked in *Washburn v. Hoover Chrysler Jeep of Savannah, Inc.*,

---

[1] Cribbs originally sued "NFI Industries, Inc." for violating a variety of employment discrimination statutes. Doc 1 at 1-2. He later amended his complaint to name the proper defendant, "NFI Network Logistic Solutions LLC." Doc. 11; doc. 20 at 2. The Court **DIRECTS** the Clerk to amend the docket caption by terminating "NFI Industries, Inc." as a defendant. All subsequent filings shall conform.

CV412–005, doc. 5, 2012 WL 2191711 at *1 (S.D. Ga. Jun. 14, 2012). Doc. 24-1 at 2-3. NFI has not responded. Cribbs says the law the GDOL cites is inapplicable and, even if it applies, his need for the records outweighs the privacy interest the GDOL seeks to protect. Doc. 25 at 1.

For the purpose of this Order, the Court will accept as true the facts Cribbs alleges in his Complaint and briefs, plus the parties' Joint Status Report. After NFI terminated Cribbs -- for disciplinary and performance reasons, it says, but he says for discriminatory reasons, doc. 20 at 3-14 -- he applied for unemployment insurance benefits. Doc. 25 at 1. NFI challenged that claim and Cribbs initially lost but later won those benefits on administrative appeal. *Id.* at 1-2. At that hearing NFI supplied its reasons for terminating him. *Id.* at 2. Cribbs wants the GDOL's documentation of those reasons to assist his case here.

In that regard, Cribbs argues that Fed. R. Civ. P. 501 (governing the privilege to withhold information) applies and not Georgia law. So the GDOL's motion should be denied outright because it shows no Rule 501-cognizable privilege. Doc. 25 at 2-3. Even if Georgia law applies, he further contends, he is entitled to the requested records because it is *his*

privacy Georgia law protects and he is waiving that here. *Id.* at 3-4. Again, NFI raises no objection.

It is not necessary to resolve the choice-of-law issue because Cribbs wins his motion under both. The records are relevant -- NFI does not dispute this -- Cribbs has shown good cause to review them despite any privacy or privilege protection (GDOL at best advances a generic statute-based privacy interest, and as noted in *Washburn*, GDOL basically just wants a covering Order. *See Washburn*, 2012 WL 2191711 at * 2.

The GDOL's motion to quash (doc. 24) therefore is **DENIED**. The Court finds that "that the need for the information or records in [this] proceeding outweighs any reasons for the privacy and confidentiality of the information or records," O.C.G.A. § 34-8-126, and intends this Order to assist the GDOL in complying with that statute. *See* doc. 24-1 at 3; *Washburn*, 2012 WL 2191711 at * 2.

**SO ORDERED** this 4th day of October, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3